```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


MARCI DOLAN,                              Civil No. 05-3062-CO

          Plaintiff,             FINDINGS AND RECOMMENDATION

     v.

UNITED STATES OF AMERICA,
 et al.,

          Defendants.
_____
```

COONEY, Magistrate Judge:

    Plaintiff brings this action against her former employer pursuant to Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, alleging her rights to be free from sexual assault, sexual harassment, and a hostile work environment were violated. Plaintiff seeks compensatory damages, equitable relief, attorney fees, and costs. Plaintiff moves to file a second amended complaint (#32).

## **FACTS**

The following paragraphs paraphrase plaintiff's proposed second amended complaint:

Plaintiff is a student employee of the Bureau of Land Management (BLM). (Creighton Decl. Ex. A - Proposed Second Amended Complaint ¶6). Assistant Fire Manager Officer Thomas Mathews was assigned as her mentor. (Id.). He had a history of prior sexual misconduct with female BLM employees. (Id. at ¶7).

On September 10, 2003, Mr. Mathews subjected plaintiff to forcible sexual contact sufficient to alter the terms and conditions of her employment. (Id. at ¶8). As a result of Mr. Mathews conduct, plaintiff requested a transfer to another district. (Id. at ¶11). The BLM refused to transfer Mr. Mathews. (Id.).

On October 21, 2003, plaintiff contacted the EEO regarding the above conduct. (Id. at ¶12). Plaintiff filed a formal complaint on December 3, 2003. (Id.).

On August 6, 2006, the BLM terminated plaintiff from the Student Career Experience Program. (Id. at ¶16). Plaintiff's termination was in retaliation for her initial EEO complaint and grew out of that complaint. (Id. at ¶29).

2 - FINDINGS AND RECOMMENDATION

Plaintiff has provided the following additional facts in support of her motion to amend:

On August 4, 2006, plaintiff received a letter providing notice of the intent to terminate plaintiff's participation in the BLM's SCEP program. (Second Creighton Decl. Ex. 1). The letter provided that the termination was effective on August 6, 2006. (Id.). On September 19, 2006, plaintiff's attorney, via fax, sent a letter to the EEO Officer for the BLM alleging that plaintiff's "termination from the SCEP program is related to her prior complaint and grew directly from her engaging in the protected activity of filing of her EEO complaint and engaging in her right to seek redress in the court system." (Second Creighton Decl. Ex. 2).

## LEGAL STANDARDS

Fed.R.Civ.P. 15 governs amendments to the pleadings. Leave to amend should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. See Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds, Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001). The party opposing the amendment has the burden of demonstrating why leave to amend should not be granted. Genetech Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D.Cal. 1989)(citations omitted).

3 - FINDINGS AND RECOMMENDATION

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). Undue delay, by itself may be insufficient to deny a motion to amend, but, when combined with other factors, denial could be proper. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-1388 (9th Cir. 1990)(citations omitted).

In determining whether an amendment is futile or legally insufficient, the court applies the same standards that it would apply to a motion to dismiss for failure to state a claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)(citation omitted). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can plead no set of facts in support of a claim. Id. The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff.

## DISCUSSION

Plaintiff moves to file a second amended complaint to add a claim for retaliation. Defendant opposes this amendment

4 - FINDINGS AND RECOMMENDATION

arguing that plaintiff's claim is barred, because she failed to file a mandatory informal administrative claim of retaliation with an EEO counselor. In reply, plaintiff argues that she did file a mandatory informal administrative claim of retaliation with an EEO counselor on September 19, 2006.

At the telephone hearing, defendant's attorney admitted he was unaware of the September letter and now concedes that it satisfies the informal notice requirement. In supplemental briefing, defendant contends that the administrative process has not been completed, because plaintiff did not file a formal administrative complaint with the agency prior to filing suit. Defendant admits it has not found any case law on point.

Given the liberal standards contained in Rule 15, the court recommends that plaintiff's motion to amend be granted.

### **RECOMMENDATION**

Based on the foregoing, it is recommend that plaintiff's motion to amend (#32) be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this

recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

                DATED this _____17_____ day of November, 2006.


                        _____/s/_____
                        UNITED STATES MAGISTRATE JUDGE

6 - FINDINGS AND RECOMMENDATION