FILED'08 FEB 26 15:17 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCI DOLAN,                              Civil No. 05-3062-CL

        Plaintiff,                     REPORT AND RECOMMENDATION

        v.

UNITED STATES OF AMERICA,
 et al.,

        Defendants.
_____

CLARKE, Magistrate Judge:

### BACKGROUND

Plaintiff brought this action against defendants United States of America, Dirk Kempthorne, Secretary of the Interior, the U.S. Department of the Interior, and the Bureau of Land Management ("BLM") alleging claims for sexual harassment/gender discrimination and retaliation in violation

of Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq., and negligence and invasion of privacy under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1).

Defendants moved for summary judgment (#69). On September 20, 2007, this court issued a Report and Recommendation, recommending that defendant's motion for summary judgment be granted (#105). After considering plaintiff's objections and defendants' response to those objections, the District Court adopted this court's Report and Recommendation and entered an order granting summary judgment in favor of defendants (#109) and also entered a judgment in favor of defendants (#110).

Defendants have filed a cost bill (#111) seeking #951.15 for the cost of depositions taken in the case. Plaintiff objects to the award of costs (#112).

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit shall recover its costs unless the court otherwise directs. Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Miles v. State of Cal., 320 F.3d 986, 988 (9th Cir. 2003); Association of Mexican-American Educators v. State of

2 - REPORT AND RECOMMENDATION

California, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). The "'party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (quoting d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977)).

Because Rule 54(d) presumes the Court will award costs to the prevailing party, the Court must specify reasons for denying costs. Miles, 320 F.3d at 988. Factors that may support denying costs include the losing party's limited financial resources, the prevailing party's misconduct, the chilling effect of imposing costs on future civil rights litigants, the difficulty and closeness of the issues, the substance of the prevailing party's recovery, the losing party's good faith, and whether the case raised issues of national importance. Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). The losing party bears the burden of showing why the Court should not award costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

## DISCUSSION

Plaintiff argues that the court should not assess costs against her because: 1) it would having a chilling effect and

3 - REPORT AND RECOMMENDATION

discourage future plaintiffs from bringing discrimination suits; and 2) her case was not frivolous, unreasonable, or without foundation. The court rules that the award of costs would have a chilling factor on future civil rights litigants, and therefore costs should not be awarded. AMAE v. California, 231 F.3d 572, 593 (9th Cir. 2000). The court also rules that because plaintiff's case was not frivolous, unreasonable, or without basis, an award of costs would be inappropriate. Fine v. Fred Meyer Stores, Inc., et. al., 04-1241-HA (D.Or. Opinion and Order May 3, 2007).

## RECOMMENDATION

Based on the foregoing, it is recommended that defendant's costs be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on March 11, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's

4 - REPORT AND RECOMMENDATION

right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 24 day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE